IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL A. MARTINEZ, # R-70807 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-1026-JPG |
| | ) | |
| LISA MADIGAN, ESQ., | ) | |
| S.A. GODINEZ | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

GILBERT, District Judge:

    Plaintiff Michael Martinez, currently incarcerated at Pinckneyville Correctional Center, in the Southern District of Illinois, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Madigan, Attorney General of the State of Illinois and Godinez, Director of the Illinois Department of Corrections ("IDOC") for events occurring while he was housed at Vienna Correctional Center. He states that for two separate two week periods during his incarceration at Vienna, from December 21, 2010 to March 31, 2011, he was exposed to what he later learned to be asbestos. He does not indicate any injuries, medical issues or medical treatment. He does not indicate how he came to learn that he was exposed to asbestos. Plaintiff does not indicate any personal involvement of either defendant with his exposure to asbestos. He states he has not exhausted his grievances.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.

The Court notes that the Plaintiff has, on the face of his pleadings, made it evident that he has failed to exhaust his grievances in this matter. Plaintiff's states he did not file a grievance due to "emergency health issues" but does not articulate any health issues or treatment that he is seeking. Considering that the Plaintiff was not aware of asbestos contamination at Vienna while he was housed there, and files his complaint from his current place of incarceration at Pinckneyville, the Court cannot discern the nature of Plaintiff's health issues. Plaintiff may not pursue his § 1983 claims in federal court until after he has exhausted his available remedies. *See* 42 U.S.C. § 1997e(a). Although failure to exhaust administrative remedies is usually an affirmative defense, when, as here, it is clear from the face of the complaint that Plaintiff has not exhausted his available remedies, the complaint fails to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007); *see Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) ("the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous").

Additionally, even if Plaintiff were to have properly undertaken the grievance process, this complaint would not state a claim for a constitutional violation.

Plaintiff's cursory statements are not sufficient to indicate that he suffered any physical, psychological, or "probabilistic" harm from these alleged conditions. *See Thomas v. Illinois*, 2012 WL 4458347, *2 -3 (7th Cir. Sept. 27, 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (conclusory legal statements are not sufficient to state a claim).

**Pending Motion**

The Court **DENIES**, without prejudice, Plaintiff's motion for service of process at government expense (Doc. 3).  Plaintiff is **ADVISED** that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service at the government's expense. The Clerk will direct service for any defendants in a complaint that passes preliminary review.

**Disposition**

The claims and the entire action against Defendants **MADIGAN** and **GODINEZ** are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:   October 17, 2012**

*s/J. Phil Gilbert*
**United States District Judge**